UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 08-11547-WRS |
| | Chapter 7 |
| GEORGE LADON MELVIN | |
| TERESA A. MELVIN, | |
|     Debtors | |
| GEORGE LADON MELVIN | |
| and TERESA ANNETTE MELVIN, | |
|     Plaintiffs | Adv. Pro. No. 08-1141-WRS |
| v. | |
| INTERNAL REVENUE SERVICE, | |
|     Defendant | |

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for hearing on the Motion to Abstain and Dismiss filed by Defendant United States of America. The Court heard argument on March 3, 2009. Plaintiffs George Ladon Melvin and Teresa Annette Melvin were present by counsel Collier H. Espy, Jr., and the United States was present by its Trial Attorney Gregory L. Jones. For the reasons set forth below, the motion is DENIED.

## I. FACTS

The Debtors filed a petition in bankruptcy pursuant to Chapter 7 on September 25, 2008. The Debtors' filings indicate that Mr. Melvin earns approximately $3,000 per month and Mrs.

Melvin $1,600. They do not own their own home and own only a small amount of personal property. (Case No. 08-11547, Doc. 1). Their schedules indicate $40,000 in unsecured debt, much of which is for medical expenses. The Debtors' wages were garnished prior to the bankruptcy filing. Review of the schedules shows that the Debtors are of modest means, have acted in good faith, and are legitimately in need of relief under the Bankruptcy Code.

In 2006, one of the creditors, Nuvelle Credit, apparently "forgave" the Debtors' indebtedness to them and forwarded a report of the same to the Internal Revenue Service. The Service took the position that the amount of debt forgiven is taxable income and assessed taxes in the amount of $3,000. The Government does not dispute that the Internal Revenue Code provides that a forgiveness of indebtedness is not taxible if the taxpayer is insolvent. 26 U.S.C. § 108. It does not appear that the Internal Revenue Service made any effort to determine whether the Melvins were solvent prior to assessing the taxes. However, the Government notes that the Melvins did not take advantage of administrative proceedings before the Internal Revenue Service. Such proceedings are generally informal, not involving either complex procedural rules such as the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Had the Melvins availed themselves of the administrative proceedings, they could have offered evidence of their insolvency.

The Debtors have brought this Adversary Proceeding before this Court, seeking a determination that they were insolvent at the time of the forgiveness of the indebtedness and as a result no taxes are owed. The Government moves to dismiss contending that this Court should abstain from hearing this matter on policy grounds.

## II. LAW

This Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 505. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); see also, In re Luongo, 259 F.3d 323, 328 (5th Cir. 2001); United States v. Wilson, 974 F.2d 514 (4th Cir. 1992); Matter of Holly's, Inc., 172 BR. 545, 562 (Bankr. W.D. Mich. 1994); In re: Huddleston, 1994 WL 764193 (Bankr. W.D. La. 1994).

Section 505(a)(1) of the Bankruptcy Code provides as follows:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, and any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

The Government does not contend that any of the exceptions contained in sub-paragraph (2) apply, rather it argues that this provision is permissive, noting that it states that "the court may determine." The Government argues that because this is a "no-asset" Chapter 7 case, meaning that there will be no distribution paid to creditors, that there is no bankruptcy purpose in determining the tax liability here. The Debtors argue that this determination is needed to protect their fresh start and that they do not have the resources to pay their taxes in full and then bring suit in District Court or the United States Court of Federal Claims, for a refund.

This Court rejects the Government's contention that it is required to abstain where, as here, determination of the tax liability will not affect distribution to creditors. Had Congress intended such a limitation on the reach of Section 505, it would not have drafted it in such broad

3

terms. Congress placed only three statutory restrictions on the Bankruptcy Court's reach into tax matters. First, a bankruptcy court may not make a Section 505 determination where the tax has been contested before and adjudicated by a judicial or administrative tribunal. § 505(a)(2)(A). Second, a 120-day time limitation is placed on the determination to a right to a refund. § 505(a)(2)(B). Third, bankruptcy courts may not determine the validity of an ad valorem tax after the applicable period for such determinations has expired. § 505(a)(2)(C). None of the statutory exceptions apply here.

As none of the statutory exceptions apply here, this Court has discretion as to whether it should hear this adversary proceeding. The Government argues that this Court should not hear the matter as no "bankruptcy purpose" would be served. As this is a no-asset Chapter 7 case, no distribution will be made to creditors. If the creditors were the sole intended beneficiary of Section 505, then this Court should abstain. However, in a case handed down in 2001, the Fifth Circuit held that:

> The bankruptcy court's responsibility in administering the estate is not only to achieve a fair and equitable distribution of assets to the creditors, but also to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." <u>Local Loan v. Hunt</u>, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Thus, a court should consider the impact of the abstention not only on the general administration of the estate, but also on the debtor. <u>In re Smith</u>, 122 B.R. 130, 133-134 (Bankr. M.D. Fla. 1990).

<u>In re Luongo</u>, 259 F.3d 323, 330 (5th Cir. 2001).

The Court rejects the Government's argument that a bankruptcy court should automatically abstain from hearing any Section 505 proceedings which arise out of no-asset

4

Case 08-01141   Doc 8   Filed 04/16/09   Entered 04/16/09 11:52:54   Desc Main
Document      Page 4 of 7

Chapter 7 bankruptcy cases. To be sure, the fact that a Section 505 determination will not affect distribution to creditors is a factor to be considered. Shapiro v. United States (In re Shapiro), 188 B.R. 140 (Bankr. E.D. Pa. 1995); Parsons v. United States (In re Parsons), 153 Bl.R. 585 (Bankr. M.D. Fla. 1993); In re Diez, 45 B.R. 137 (Bankr. S.D. Fla. 1984). However, the lack of an effect upon distribution to creditors is not determinative. Anderson v. United States (In re Anderson), 171 B.R. 549, 553 (Bankr. W.D. Va. 1994)(holding that abstention no required in cases where there were no assets); Smith v. United States (In re Smith), 122 B.R. 130, 133-34 (Bankr. M.D. Fla. 1999)(rejecting claim that Section 505 proceedings have no place in no-asset Chapter 7 cases).

In the case at bar, the nature of the transaction which gave rise to the disputed taxes is closely related to the Debtor's bankruptcy filing. When Nuvelle Credit "forgave" its debt, it issued a report to the Internal Revenue Service which in turn gave rise to the controversy. It is well established that the forgiveness of a debt gives rise to taxable income, unless the Debtor is insolvent, in which case no taxes are due. 26 U.S.C. §§ 61(a)(12); 108(a)(1)(A), (B). The existence or nonexistence of the tax liability turns on the question of the Debtor's insolvency. This, of course, is the *sine qua nine* of the determination of the no-asset status of the Debtor's bankruptcy filing.[1]

---

[1] A finding that a case is a "no-asset" case is not determinative of the issue of solvency for purposes of the tax question here. For starters, the debt in question was "forgiven" in 2006, but the Debtors did not file their petition in bankruptcy until December 31, 2008. For purposes of the tax issue, a determination of the Debtors' solvency at the time of forgiveness of the debt must be made. On the other hand, the "no-asset" determination was made as of the date of the petition in bankruptcy. The Debtors' fortunes at these two dates more than two years apart could have been sufficiently different so as to make them solvent as of the date of forgiveness. Moreover, a determination that a bankruptcy case is a "no-asset" is not made in the context of a contested proceeding. For this reason, the Government would not be bound in any event.

Because it has been established here that the Debtors are insolvent–that no assets are available for distribution for creditors–it is particularly important for this Bankruptcy Court to keep this proceeding. The Government fails to grasp the incongruity in its own position. It assessed taxes on the assumption that the Debtors were solvent, yet it argues here that the Court should not keep the Adversary Proceeding because the Debtors are so insolvent that no distribution will be made to creditors. If this Court were to abstain, as the Government requests, the Debtors would be compelled to prove their insolvency in District Court.[2] To "prove" their insolvency in a refund suit, the Debtors will first have to pay their taxes, then sue for a refund, something the Debtors do not have the wherewithal to do.[3] The Fifth Circuit in Luongo held that:

> We hold that where bankruptcy issues predominate and the Code's objections will potentially be impaired, bankruptcy courts should generally exercise jurisdiction. (citation omitted) Conversely, absent any bankruptcy issues or implication of the Code's objections, it is usually appropriate for the bankruptcy court to decline or relinquish jurisdiction. We recognize, of course, that there may be instances where exceptional factors involving judicial economy, fairness and convenience to the litigants, or the simplicity of the non-bankruptcy issues involved may counsel otherwise.

Luongo, at 332.

---

[2] Once taxes are assessed, absent a Section 505 proceeding in Bankruptcy Court, the only avenue available to the Debtors would be a refund suit which could be brought either in the United States District Court for the district in which the taxpayers reside, or in the United States Court of Federal Claims. 28 U.S.C. § 1346(a)(1).

[3] The Debtors report in their schedules filed in their bankruptcy case that they own no real property and personal property with a value of $9,900. The schedules further report that the personal property is all fully encumbered. (Case No. 08-11547, Doc. 1, Schedules A, B and D). Assuming that the schedules are accurate, the Debtors are insolvent.

## III.  CONCLUSION

In the case at bar, the only tax issue in question is the debtor's insolvency, which is a kind of determination which is well within the Bankruptcy Court's expertise.  Moreover, most of the evidence necessary to make this determination have already been developed in the Debtors' underlying Chapter 7 bankruptcy case.  Considering the factors of judicial economy, fairness and convenience to the litigants and simplicity of the non-bankruptcy issues, the Court concludes that it should exercise its discretion in favor of the Debtors and deny the Government's motion.

Done this 16th day of April, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Collier H. Espy Jr., Attorney for Plaintiffs
   Gregory L. Jones, Attorney for Defendant
   Patricia A. Conover, Attorney for Defendant